UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPROXIMATELY $5,697.00 IN U.S. )<br>CURRENCY, )<br>)<br>Defendant. )<br>_____ ) | Case No. 23- **01027** |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Duston J. Slinkard, United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the above-captioned property (hereinafter defendant), for violations of 21 U.S.C. § 841 and 18 U.S.C. § 545.

**THE DEFENDANTS IN REM**

2. The defendant consists of:

   A. Approximately $5,697.00 in United States currency (USC);

3. The defendant was seized by the U.S. Homeland Security Investigations (HSI) on or about July 22, 2021, in Wichita, Sedgwick County, Kansas, in the District of Kansas. The defendant is currently in the custody of HSI.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. §1345, and over an action for forfeiture under 28 U.S.C. §1355.

5. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. §1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. §1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

7. The defendant is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

8. The defendant is also subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 545.

9. Supplemental Rule G(2)(f) requires this complaint to state sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant of arrest *in rem* for the defendant; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the defendant; that the defendant be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above-entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

DUSTON J. SLINKARD
United States Attorney

*/s/ Annette Gurney*
ANNETTE GURNEY, #11602
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax: (316) 269-6484
Annette.gurney@usdoj.gov

## DECLARATION

I, Travis Putrah, Special Agent with Homeland Security Investigations (HIS) in the District of Kansas, have read the contents of the foregoing Complaint for Forfeiture In Rem and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __17__ day of __February__, 2023.

Travis Putrah
Special Agent
HSI

## AFFIDAVIT IN SUPPORT OF A COMPLAINT FOR FORFEITURE

I, Travis Putrah, being first duly sworn, depose and state:

1. I am a Special Agent ("SA") with Homeland Security Investigations (HSI) and has been so employed since September 2019. As a requirement for employment as an HSI Special Agent, I successfully completed a twelve-week Criminal Investigator Training Program (CITP) located at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. At the conclusion of CITP, I also completed an additional twelve-week HSI Special Agent Training (HSISAT) Academy. As part of the training at FLETC, I received extensive instruction in the areas of customs law, immigration law and criminal law. Prior to my tenure as a Special Agent with HSI, I was employed as a Border Patrol Agent with the Department of Homeland Security ("DHS") from 2005 to 2019. From 2015 to 2018, I was assigned to the Federal Bureau of Investigations (FBI) Indian Country Task Force in Bemidji, Minnesota. My duties included investigating crimes of violence, to include death and assaults with deadly weapons; sexual assaults of juveniles, human trafficking, illegal trafficking of firearms and explosives; the manufacture, sale, and distribution of controlled substances; trafficking of child pornography; money laundering; arson; and the disruption/dismantling of violent gangs. From 2018 to September 2019, I was assigned to the HSI Task Force in Wichita, Kansas. While serving as an HSI TFO, I was responsible for investigating federal violations of the trafficking of controlled substances; the production and sale of fraudulent documents; violations of immigration law; the trafficking of child pornography; and the theft of intellectual property.

2. The information contained in this affidavit is known to me through personal direct knowledge, and /or through a review of official reports prepared by other law enforcement and

investigative personnel. This affidavit is submitted in support of a complaint for forfeiture for the following property:

> A. Approximately $5,697.00 in United States currency seized from the residence of Jose Jimenez on or about July 22, 2021.

3. On or about July 1, 2021, officers with U.S. Custom and Border Protection (CBP) encountered an international mail parcel attempting to enter the United States. The package was addressed to Jose G. Jimenez (Jimenez) in Wichita, Kansas. Inside the package were three silencers as defined by 18 U.S.C. § 921(a)(24).

4. I conducted a criminal history query for Jimenez and learned that he had multiple convictions and was prohibited from possessing firearms, which would also include the silencers, pursuant to 18 U.S.C. § 921(a)(3).

5. A controlled delivery of the silencers was made to Jimenez at his Wichita, Kansas residence on July 22, 2021. Thereafter, a federal search warrant was executed at Jimenez's residence. Located in the house were the three silencers, eleven firearms, and ammunition. Also located in house were controlled substances including cocaine, methamphetamine, and marijuana, and approximately $5,697.00 in U.S. currency.

6. The $5,697.00 was located in a safe in the master bedroom. Also located in the master bedroom was a shotgun, ammunition, and additional controlled substances.

7. On August 10, 2021, Jimenez was indicted in U.S. District Court of Kansas, Case No. 21-10063 with: 1) possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); 2) possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and (g)(1) (two counts); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); 3) possession of an unregistered firearm in violation of

26 U.S.C. § 5861(d); and 4) smuggling goods into the United States in violation of 18 U.S.C. § 545.

8. On January 25, 2022, Jimenez pled guilty in Case No. 21-10063 to possession with the intent to distribute methamphetamine, possession of a firearm by a prohibited person, and smuggling, and on March 23, 2022, Jimenez was sentenced to 121 months of incarceration.

9. Wages reported to the Kansas Department of Labor (KDOL) indicate that the total amount of reported wages for Jimenez in 2020 was $1,533.69. There were no reported wages in 2021.

10. At the time of the search warrant, Jimenez lived with Jasmine DeLa Rosa (DeLa Rosa). Wages reported to the KDOL indicate that the total amount of reported wages for DeLa Rosa in 2020 was $1,433.91. There were no reported wages in 2021.

11. Based upon the foregoing, I have probable cause to believe that the approximately $5,697.00 in U.S. currency that was located in Jimenez's residence is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

12. Additionally and/or alternatively, based upon the foregoing, I have probable cause to believe that the approximately $5,697.00 in U.S. currency that was located in Jimenez's residence is subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 545.

*[signature]*
Travis Putrah
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 17 day of February, 2023.

RACHAEL M. ADAMS
Notary Public - State of Kansas
My Appt. Expires 3/2/2025

*[signature]* Rachael M Adams
Notary Public

4